**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cv-22801-SMITH

GEORGE KHAWAN MARDEMI,

     Plaintiff,

v.

PRONTO PIZZA EXPRESS, CORP. and
RAMON J. FERREIRO,

     Defendants.

_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court following an order of referral from the Honorable Rodney Smith, United States District Court Judge, to conduct a fairness hearing pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), in connection with the Parties' settlement of this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* On September 6, 2023 prior to the Fairness Hearing, Plaintiff George Khawan Mardemi filed a Notice (ECF No. 16) attaching the Parties' executed settlement agreement (ECF No. 16-1) and billing records evidencing the time Plaintiff's counsel incurred litigating this action (ECF No. 16-2). I convened a Fairness Hearing to review the Parties' settlement agreement, on September 6, 2023, which was attended by Plaintiff's counsel and Defendants' counsel. Having reviewed Plaintiff's Statement of Claim (ECF No. 9), the Parties' settlement agreement, counsel's request for attorney's fees, the record as a whole, the positions advanced at the Fairness Hearing, and being otherwise fully advised in the matter, the undersigned respectfully **RECOMMENDS** that the Parties' settlement be **APPROVED** and that Plaintiff's counsel be awarded a total amount of **$4,525.00** in attorney's fees and costs.

## I.      BACKGROUND

Plaintiff George Khawan Mardemi initiated this action on July 27, 2023 to recover unpaid wages from his former employers, Defendants Pronto Pizza Express, Corp. and Ramon J. Ferreiro, under the FLSA. Plaintiff seeks to recover both unpaid minimum wages and unpaid overtime wages from Defendants. (ECF No. 1).

On August 23, 2023, Plaintiff filed a Statement of Claim (ECF No. 9), wherein he estimated that his unpaid wages, consisting of unpaid regular time and unpaid overtime, amounted to a minimum of $2,647.00 without accounting for liquidated damages, attorney's fees, and costs. Plaintiff calculated in his Statement of Claim that he was owed $5,294.00 if liquidated damages are awarded, plus attorney's fees and costs.[1]

On August 25, 2023, Plaintiff filed a Notice of Settlement, wherein he informed the Court that the Parties had resolved all of the claims asserted in this case. (ECF No. 10). Upon referral to the undersigned to conduct a Fairness Hearing under *Lynn's Food Stores*, the Court convened a hearing and directed Plaintiff to file a copy of the Parties' written settlement agreement in anticipation of that hearing.

At the hearing on September 6, 2023, Plaintiff's counsel represented that after the filing of the Statement of Claim calculating a minimum $2,647.00 of unpaid wages, Plaintiff determined that he would likely be deemed a "tipped employee." Accordingly, Plaintiff's counsel represented based on calculations that Plaintiff was instead owed approximately $1,039.50 in unpaid wages (consisting of

---

[1] Specifically, Plaintiff calculated that he is owed a minimum of $2,625.00, up to a maximum of $3,072.50 for unpaid regular wages based on 30 to 35 hours per week worked from November 1, 2022 to February 12, 2023, at a rate of $6.00 per hour instead of the applicable Florida minimum wage of $11.00 per hour. Plaintiff thus contended that, for work performed during this period, he is owed $2,205.00 based on a 30-hour workweek, up to a maximum of $2,572.50 based on a 35-hour workweek. Plaintiff also represented that he worked 42 to 50 hours per week from February 13, 2023 through February 26, 2023, also at a rate of $6.00 per hour. Thus, Plaintiff contended that for this second period, he is owed $420.00 based on a 42-hour workweek up to $500.00 based on a 50-hour workweek. In addition, Plaintiff claims unpaid overtime wages for work performed from February 13, 2023 through February 26, 2023, when Plaintiff worked between 42 and 50 hours per week, such that he is owed a minimum of $22.00 (based on a 42-hour workweek and an applicable Florida minimum wage of $11.00 per hour), up to a $110.00 (based on a 50-hour workweek).

$873.18 in unpaid minimum wages and $166.32 in unpaid overtime wages), as opposed to a minimum of $2,647.00

The Parties' written settlement agreement filed on the docket was fully executed on August 31, 2023.  (ECF No. 16-1 at 8).  Pursuant to the terms of the Parties' settlement agreement, the Parties have agreed to resolve this dispute for $7,000.00 as follows: $1,000.00 will be paid to Plaintiff for unpaid overtime wages, $1,000.00 will be paid to Plaintiff as liquidated damages, and $5,000.00 will be paid to Plaintiff's counsel for fees and costs incurred in this matter.  (ECF No. 16-1 at 1).  Plaintiff additionally filed a copy of counsel's billing records for time incurred in connection with this matter, reflecting $5,064.50 of attorney's fees and costs incurred.  (ECF No. 16-2).  The Parties' settlement agreement provides for the payment of the settlement funds to Plaintiff's counsel, which will then be released to Plaintiff upon the entry of a Court order dismissing this action.

## II.    LEGAL STANDARD

The minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees.  *See Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697 (1945).  There are two ways in which an employee can settle a claim against an employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement.  29 U.S.C. § 216(c); *see also Lynn's Food Stores*, 679 F.2d at 1353.  An employee may settle and waive FLSA claims against his employer without the supervision of the Secretary of Labor if (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage or computations actually in dispute; and (3) the district court enters an order approving the settlement after reviewing the fairness of the settlement.  *Id*. at 1354.

The Court is mindful of the presumption in favor of finding a settlement fair. *Brenowitz v. Implant Seminars, Inc.*, No. 17-20184-CIV, 2017 WL 3438879, at *3 (S.D. Fla. Aug. 10, 2017); *Arce v. Coral Costa Servs., LLC*, No. 17-22892-CIV, 2017 WL 8794710, at *1 (S.D. Fla. Oct. 31, 2017); *Romeo v. Colonia Imports., Ltd.*, No. 6:16-CV-876-ORL-40GJK, 2016 WL 7644854, at *2 (M.D. Fla. Dec. 15, 2016) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). In making its fairness determination, the Court considers the following factors: (1) the existence of collusion behind the settlement; (2) complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Canela v. United Dental Specialist, PLLC*, No. 17-21498-CIV, 2017 WL 7794326, at *1 (S.D. Fla. June 30, 2017) (citing *Mason v. Wyndham Vacation Ownership, Inc*., No. 6:18-CV-1805-ORL-35GJK, 2012 WL 570060, at *1–2 (M.D. Fla. Feb. 17, 2012)).

The Eleventh Circuit has noted that "the FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009). Thus, there are circumstances in which a court may deem a fee award unreasonable if a plaintiff is "sacrificing a portion of his unpaid wages recovery to fund a plaintiff's attorney's fees." *Arce v. Coral Costa Servs., LLC*, No. 17-22892-CIV, 2017 WL 8794710, at *1 (S.D. Fla. Oct. 31, 2017), *report and recommendation adopted*, No. 17-22892-CIV (S.D. Fla. Jan. 22, 2018).

## III.    DISCUSSION

### A.    The Settlement Is Fair

The Court has reviewed the Parties' Settlement Agreement (ECF No. 16-1) and considered the factors identified above and finds that settlement amount paid to Plaintiff ($2,000.00) is fair and

reasonable.  That amount fully compensates Plaintiff for his putative back wages and brings Plaintiff close to the full amount of damages he is owed based on the updated calculations of Plaintiff's unpaid wages proffered at the hearing on September 6, 2023.  *See Davidson v. Golden Bay Towers, Inc.*, No. 18-CV-62061, 2018 WL 7636333, at *1 (S.D. Fla. Dec. 17, 2018).  The Court also notes the early stage of the proceedings at which the settlement has been reached.  In view of these factors and mindful of the presumption in favor of finding a settlement fair, this Court finds that the Parties' settlement is a fair compromise of their dispute.  Therefore, I recommend that the District Court approve the settlement.

### B.    Attorney's Fees

The FLSA provides that the Court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  In assessing the reasonableness of a request for attorney's fees, courts in the Eleventh Circuit apply the "lodestar" method to calculate an objective estimate of the value of an attorney's services.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).[2]

The Court finds that the requested hourly rates are reasonable.  Billing records submitted by Plaintiff's counsel reflect time expended by at least three timekeepers at hourly rates of $325.00,

---

[2]  The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).  Courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  *Id.* at 428.  When a request for attorney's fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut.  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing a party's fee request with an across-the-board cut based upon billing inefficiencies).  Although courts may apply either method, they cannot apply both.  *Bivins*, 548 F.3d at 1351.  Finally, courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

$200.00, and $125.00.  (ECF No. 16-2).  Though the billing records fail to identify each timekeeper, I accept Plaintiff's counsel's proffer at the September 6, 2023 hearing that these hourly rates were for time expended by attorney Nathaly Saavedra ($325.00 per hour), first-year attorney Patrick Brooks LaRou ($200.00 per hour), and counsel's paralegal whom counsel estimated had more than 5 years of experience ($125.00 per hour), respectively.  *See Florez v. De La Cruz*, No. 20-22766-CIV, 2023 WL 2388276, at *5 (S.D. Fla. Mar. 7, 2023) (approving hourly rate of $310.00 for attorney Saavedra); *H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1281 (S.D. Fla. 2019) (concluding that $200.00 per hour was reasonable for a first-year attorney); *Sevares v. Am. Pipeline Constr., LLC*, No. 1:22-CV-21233-KMM, 2023 WL 4933018, at *3 (S.D. Fla. July 14, 2023), *report and recommendation adopted*, No. 1:22-CV-21233-KMM, 2023 WL 4930405 (S.D. Fla. Aug. 2, 2023) (recommending award of paralegal fees at $125.00 per hour).

However, review of counsel's billing records totaling $5,064.50 revealed entries for time expended after the execution of the Parties' settlement on August 31, 2023.  The post-August 31, 2023 time entries amount to $475.00.  At the hearing on September 6, Plaintiff's counsel was questioned regarding the calculation of fees at the time of settlement on August 31, 2023 in an amount that exceeded the amount of fees then incurred.  To that end, Plaintiff's counsel agreed on the record to: (i) a commensurate reduction in the amount that will be paid to Plaintiff's counsel under the settlement for fees and costs incurred in this matter, to account for the post-settlement time entries, and (ii) for that $475.00 to instead be distributed to Plaintiff as part of the $7,000.00 settlement.  The remainder of the time counsel expended in this action was otherwise reasonable.

Accordingly, counsel should recover $4,525.00 in fees and costs under the Parties' settlement agreement, with the $475.00 reduction in counsel's fees instead distributed to Plaintiff.[3]

_____

[3]  The Court noted at the hearing that Plaintiff's counsel should be awarded a reduced fee under the Parties' settlement of $4,589.50 to account for post-August 31, 2023 time expended, calculated as $475.00 subtracted from the $5,064.50 in

**IV.    RECOMMENDATIONS**

Accordingly, the undersigned respectfully **RECOMMENDS** that the District Court (i) **APPROVE** the Parties' Settlement Agreement (ECF No. 16-1) as set forth above, (ii) **DISMISS, with prejudice**, this action, and (iii) **RESERVE** jurisdiction to enforce the terms of the Parties' settlement agreement, if necessary.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Rodney Smith, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 14th day of September, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Rodney Smith
       Counsel of record

---

total fees and costs Plaintiff's counsel incurred in this matter.  However, the correct figure is $5,000.00 minus $475.00, or $4,525.00, representing a commensurate reduction in the amount that will be paid to Plaintiff's counsel under the settlement for fees and costs incurred in this matter, to account for the post-settlement time entries,